**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RAUL OTERO SUAREZ, | ) NO. CV 05-792-E |
| Plaintiff, | ) |
| v. | ) **MEMORANDUM OPINION** |
| JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | ) **AND ORDER OF REMAND** |
| Defendant. | ) |

Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS HEREBY ORDERED that Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

**PROCEEDINGS**

Plaintiff filed a complaint on February 3, 2005, seeking review of the Commissioner's denial of benefits. The parties filed a consent to proceed before a United States Magistrate Judge on March 16, 2005. Plaintiff filed a motion for summary judgment on

1  July 14, 2005.  Defendant filed a cross-motion for summary judgment
2  on August 15, 2005.  The Court has taken both motions under
3  submission without oral argument.  See L.R. 7-15; "Order," filed
4  February 8, 2005.

5

6                              **BACKGROUND**

7

8      Plaintiff initially filed an application for disability
9  benefits in June 1998, asserting disability based on injuries to both
10 arms and pain in his right leg (Administrative Record ("A.R.") 25).[1]
11 In a 1999 decision, the Administrative Law Judge ("ALJ"), Zane A.
12 Lang, found that Plaintiff suffered from "residual pain and limited
13 motion" following a 1991 surgery for a dislocated left elbow, but
14 Plaintiff did not meet or equal any of the Listing of Impairments and
15 was able to perform his past relevant work as a kitchen helper and
16 car wash attendant (A.R. 30-31).  The Appeals Council denied review
17 (A.R. 4-6).  Plaintiff then sought this Court's review of the denial
18 of benefits.  See Otero v. Massanari, No. CV 01-3143-E.  The Court
19 found the Administration's findings were supported by substantial
20 evidence and free from material legal error, and granted summary
21 judgment in favor of the Commissioner (A.R. 143).

22

23     In July 2001, Plaintiff filed the present application for
24 disability benefits (A.R. 198-201).  In the present application,
25 Plaintiff asserts disability based on various alleged mental and
26 physical impairments (A.R. 222, 397-457).  The reviewing ALJ for

27 ────────────────

28        [1]    Plaintiff filed this first application for disability
   benefits under the name "Raul Otero."

                                   2

1  Plaintiff's present application, Catherine R. Lazuran, found that

2  Plaintiff has the severe impairments of diabetes mellitus, a history

3  of dislocation of the left elbow, and lumbar spondylosis, but no

4  severe mental impairment (A.R. 152).  The ALJ further found that

5  Plaintiff's impairments do not meet or equal any of the Listing of

6  Impairments, and Plaintiff is able to perform his past relevant work

7  as a painter and delivery driver, as well as other jobs that exist in

8  significant numbers in the regional and national economies (A.R. 152-

9  53).  The ALJ thus found Plaintiff not disabled (A.R. 153).  The

10 Appeals Council denied review (A.R. 128-30).

11

12                          **STANDARD OF REVIEW**

13

14      Under 42 U.S.C. section 405(g), this Court reviews the

15 Commissioner's decision to determine if: (1) the Commissioner's

16 findings are supported by substantial evidence; and (2) the

17 Commissioner used proper legal standards.  See Swanson v. Secretary,

18 763 F.2d 1061, 1064 (9th Cir. 1985).

19

20                             **DISCUSSION**

21

22 I.     **On the Present Record, Substantial Evidence Does Not Support**

23        **the ALJ's Finding that Plaintiff Has Any Past Relevant Work.**

24

25      Plaintiff argues that ALJ Lazuran erred in failing to find

26 that Plaintiff is disabled under the "special profile" for disability

27 set forth in 20 C.F.R. sections 404.1562 and 416.962.  See also

28 Social Security Ruling ("SSR") 82-62.  Under those sections,

3

1  individuals with severe impairments who are at least 55 years old,
2  have a limited education or less, and have no past relevant work
3  experience are deemed disabled, without regard to the individual's
4  residual functional capacity.  20 C.F.R. §§ 404.1562(b), 416.962(b).
5  It is undisputed that Plaintiff was 56 years old at the time of ALJ
6  Lazuran's decision, and Plaintiff has a 6th grade education, which is
7  lower than a limited education (A.R. 144).  See 20 C.F.R. §
8  404.1564(b)(3) (defining "limited education" as 7th through 11th
9  grade level of formal education).  Thus, the only disputed issue is
10 whether Plaintiff has any past relevant work experience.

11

12     A claimant's past relevant work consists of any work that was
13 "done within the last 15 years, lasted long enough for [the claimant]
14 to learn to do it, and was substantial gainful activity."  20 C.F.R.
15 §§ 404.1565(a), 416.965(a); Vertigan v. Halter, 260 F.3d 1044, 1051
16 (9th Cir. 2001).  The 15-year time period is measured from the date
17 the ALJ adjudicates the claim or, in the case of disability insurance
18 claims, the date the claimant last met the disability insured status
19 requirement (if earlier).  20 C.F.R. § 404.1565(a); SSR 82-62.  Any
20 work performed by the claimant "15 years or more prior to" that date
21 "is ordinarily not considered relevant."  SSR 82-62.  With respect to
22 the requirement that the work must be substantial gainful activity,
23 "[e]arnings can be a presumptive, but not conclusive, sign of whether
24 a job is substantial gainful activity.  Monthly earnings averaging
25 less than $300 generally show that a claimant has not engaged in
26 substantial gainful activity."  Lewis v. Apfel, 236 F.3d 503, 515
27 (9th Cir. 2001).
28 ///

4

1     ALJ Lazuran noted in her decision that Plaintiff's earnings
2   record shows minimal earnings from 1970 to 1973, and no earnings from
3   1974 to the present (A.R. 144, 209-10).  On that basis, the ALJ
4   concluded that Plaintiff has not engaged in substantial gainful
5   activity since at least his alleged onset date of July 27, 2001 (A.R.
6   144).  The ALJ also stated it was not clear when Plaintiff performed
7   his prior work as a painter and delivery driver, nor was it clear
8   whether Plaintiff's earnings from this work rose to the level of
9   substantial gainful activity (A.R. 152).  Despite these findings, the
10  ALJ concluded that Plaintiff's prior work experience as a painter and
11  delivery driver constituted past relevant work (A.R. 153).

12

13    Plaintiff argues that because the ALJ found that Plaintiff's
14  earnings record shows no earnings since 1974, the ALJ should have
15  concluded that Plaintiff had no substantial gainful activity and
16  therefore no past relevant work.  The Court agrees that, on the
17  present record, substantial evidence does not support ALJ Lazuran's
18  finding that Plaintiff has past relevant work as a painter and
19  delivery driver.  The finding that Plaintiff's earnings record shows
20  no earnings from 1974 to the present triggers a presumption that
21  Plaintiff has not engaged in substantial gainful activity.  See 20
22  C.F.R. §§ 404.1574(b)(3), 416.974(b)(3); Lewis v. Apfel, 236 F.3d at
23  515.  To rebut this presumption, the ALJ must point to substantial
24  evidence, aside from earnings, that the claimant has engaged in
25  substantial gainful activity.  Lewis, 236 F.3d at 515.  Such evidence
26  can include the nature of the claimant's work, how well the claimant
27  does the work, whether the work is done under special conditions,
28  whether the claimant is self-employed, and the amount of time the

1   claimant spends at work.  Id. at 515-16; 20 C.F.R. §§ 404.1573,

2   416.973.  The ALJ, however, failed to discuss any of these factors in

3   her decision.

4

5          Defendant argues that Plaintiff is precluded from asserting he

6   has no past relevant work because ALJ Zane found in the first

7   administrative proceeding that Plaintiff had past relevant work as a

8   house painter, kitchen helper, and car wash attendant.  Issue

9   preclusion only applies, however, where (1) the issue in the two

10  proceedings is identical, (2) the issue was actually litigated and

11  essential to a final decision on the merits in the prior proceeding,

12  (3) the party sought to be precluded had a full and fair opportunity

13  to be heard on the issue, (4) the party sought to be precluded was a

14  party or in privity with a party to the prior proceeding, and (5) the

15  prior proceeding was of a type to which a court will give preclusive

16  effect.  Qwest Corp. v. City of Portland, 385 F.3d 1236, 1244 (9th

17  Cir. 2004), cert. denied, 125 S. Ct. 2300 (2005).  Here, the past

18  relevant work issue in the two administrative proceedings was not

19  identical.  In the proceeding before ALJ Zane, the issue was whether

20  Plaintiff's work experience in the 15-year time period prior to the

21  adjudication of Plaintiff's claim in 1999 constituted past relevant

22  work.  See 20 C.F.R. § 404.1565(a); SSR 82-62.  In the proceeding

23  before ALJ Lazuran, the issue was whether Plaintiff's work experience

24  in the 15-year time period prior to the adjudication of Plaintiff's

25  claim in 2003 constituted past relevant work.  See id.  Thus, ALJ

26  Zane's findings regarding Plaintiff's past relevant work cannot have

27  any preclusive effect.  See Stiglar v. Barnhart, 2005 WL 1030360, at

28  *3-4 (E.D. Mich. Apr. 28, 2005) (first ALJ's finding that the

claimant could not perform his past relevant work did not prevent a
second ALJ from finding that the claimant was able to perform his
past relevant work under the doctrine of collateral estoppel, as the
claim before the first ALJ was for a different time period and
therefore not identical).

Similarly, Defendant's argument that the Court is bound by ALJ
Zane's findings regarding Plaintiff's past relevant work under Social
Security Acquiescence Ruling 97-4(9) lacks merit.  Acquiescence
Ruling 97-4(9) states that, where a claimant files a subsequent claim
for disability benefits after a prior claim has been denied by an
ALJ, the adjudicator must give effect to the prior ALJ's findings on
the claimant's residual functional capacity, education, work
experience, and other required findings "unless there is new and
material evidence relating to" such findings.  Here, new and material
evidence was presented at the second administrative hearing regarding
Plaintiff's work experience over the new 15-year time period at issue
in Plaintiff's second application for disability benefits (A.R. 397-
457).  Thus, Acquiescence Ruling 97-4(9) does not apply.  See also
A.R. 143, 151 (ALJ Lazuran appeared to eschew reliance on
Acquiescence Ruling 97-4(9) and the Chavez decision that gave rise to
the Ruling).

## II.    Remand is Appropriate.

When a court reverses an administrative determination, "the
proper course, except in rare circumstances, is to remand to the
agency for additional investigation or explanation."  INS v. Ventura,

1    537 U.S. 12, 16 (2002) (citations and quotations omitted).  Remand is

2    proper where, as here, additional administrative proceedings could

3    remedy the defects in the decision.  McAllister v. Sullivan, 888 F.2d

4    599, 603 (9th Cir. 1989); see generally Kail v. Heckler, 722 F.2d

5    1496, 1497 (9th Cir. 1984).[2]

6

7          LET JUDGMENT BE ENTERED ACCORDINGLY.

8

9          DATED:  September 21, 2005.

10

11

12                        _____

13                              CHARLES F. EICK
                         UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27      [2]     The Court has not considered any of Plaintiff's other

28    challenges to the Administration's decision, except insofar as to
      determine that reversal would not be appropriate.

8